# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

WILLIE CLEVELAND,

              Petitioner,

        v.

J.F. SALAZAR,

              Respondent.

)
)
)
)
)
)
)
)
)
)

No. EDCV 08-201-R (AGR)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

On February 8, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  For the reasons discussed below, it appears that the one-year statute of limitations has expired and that Petitioner has failed to exhaust his state remedies.

The Court orders Petitioner to show cause, on or before *March 20, 2008*, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.  In addition, the Court orders Petitioner to show cause, on or before *March 20, 2008*, why his Petition is not subject to dismissal for failure to exhaust state remedies.

///

///

///

# I.

## PROCEDURAL HISTORY

According to the Petition, Petitioner was convicted of first degree murder and sentenced to 7 years to life in 1980. (Petition at 2.)  The California Court of Appeal affirmed the judgment.  (*Id.* at 5.)  The Petition does not indicate whether a petition for review was filed in the California Supreme Court.

The Petition challenges denial of parole in 2006.  (*Id.*)  The parole decision became final on June 9, 2006.  (Petition, Exhibit A, Transcript of Subsequent Parole Consideration Hearing at 50 (dated February 9, 2006).)

Petitioner filed his first state habeas petition challenging the parole denial with the Los Angeles County Superior Court.  (Petition at 6.)  Petitioner does not provide the date he signed his state habeas petition.  However, Los Angeles County Superior Court denied the habeas petition on August 15, 2007.  (*Id.*; Petition, Exhibit A, Order dated August 15, 2007.)  The Petition does not indicate any state habeas petition challenging parole denial in the California Supreme Court.  (Petition at 6.)

# II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

The AEDPA's one-year statute of limitations applies to habeas petitions challenging a state administrative decision such as a parole board decision.  When, as

here, a petitioner challenges an administrative decision, the one-year period begins to run pursuant to 28 U.S.C. §2244(d)(1)(D), which provides that the statute begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  With respect to a decision denying parole, the one-year statute of limitations begins to run the day after the prisoner received notice of denial of an administrative appeal from the Board of Parole Hearings' denial of parole.  *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003).

Here, there is no indication that there was an administrative appeal.  Absent an administrative appeal, the statute of limitations began to run on the date that the denial of parole became final, June 9, 2006.  (Petition, Exhibit A, Transcript of Subsequent Parole Consideration Hearing at 50 (February 6, 2006).)

Accordingly, the one-year statute of limitations expired one year later on June 9, 2007.  Petitioner's federal habeas petition was signed on December 28, 2007.  Therefore, the Petition is time-barred unless the statute of limitations was tolled.  The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  However, the Petition does not indicate when Petitioner signed or mailed his first state habeas petition.  A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).  Unless Petitioner can show when he signed and/or mailed his first state habeas petition before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).  Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. (citation and internal quotation marks

omitted).  The extraordinary circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

### III.

### EXHAUSTION REQUIREMENT

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied sub. nom James v. White*, 513 U.S. 935 (1994).   Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based.  *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

It appears from the Petition that Petitioner has never presented any of his grounds for relief to the California Supreme Court.  Thus, it appears that the Petition in this Court is completely unexhausted and is subject to dismissal on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### IV.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***March 20, 2008***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations.  In ///

addition, Petitioner shall show cause, if there be any, why his Petition is not subject to dismissal for failure to exhaust state remedies before the California Supreme Court.

Petitioner's response must explain why his Petition is not barred by the statute of limitations. Petitioner should (1) state whether he filed an administrative appeal from denial of parole, (2) attach the denial of an administrative appeal; (3) state the date on which he received notice of denial of an administrative appeal, and (4) attach a copy of his state habeas petition which contains the date on which it was signed and mailed.

In addition, if Petitioner contends that the exhaustion requirement has been met, Petitioner should attach a complete copy of his Petition for Writ of Habeas Corpus before the California Supreme Court, a complete copy of any decision by the California Supreme Court, and clearly explain how the exhaustion requirement has been met.

***Accordingly, if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: February 19, 2008

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE