FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| WILLIE CLEVELAND,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J.F. SALAZAR,<br><br>　　　　Respondent. | No. EDCV 08-201-R (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

　　　IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: 5-16-08

　　　　　　　　　　　　　　　　MANUEL L. REAL
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIE CLEVELAND,<br><br>    Petitioner,<br><br>v.<br><br>J.F. SALAZAR,<br><br>    Respondent. | No. EDCV 08-201-R (AGR)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

The Court submits this Report and Recommendation to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice for failure to exhaust state remedies.

///
///
///
///
///
///
///

## I.

## **SUMMARY OF PROCEEDINGS**

According to the Petition, Petitioner was convicted of first degree murder and sentenced to 7 years to life in 1980. (Petition at 2.) The California Court of Appeal affirmed the judgment. (*Id.* at 5.) The Petition does not indicate whether a petition for review was filed in the California Supreme Court.

The Petition challenges denial of parole in 2006. (*Id.*) The parole decision became final on June 9, 2006. (Petition, Exhibit A, Transcript of Subsequent Parole Consideration Hearing at 50 (dated February 9, 2006).)

Petitioner filed his first state habeas petition challenging the parole denial with the Los Angeles County Superior Court. (Petition at 6.) Petitioner does not provide the date he signed his state habeas petition. However, Los Angeles County Superior Court denied the habeas petition on August 15, 2007. (*Id.*; Petition, Exhibit A, Order dated August 15, 2007.) The Petition does not indicate any state habeas petition challenging parole denial in the California Supreme Court. (Petition at 6.)

On February 8, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the federal district court for the Central District of California. Although the Petition was filed in this Court, it is unclear whether Petitioner intended to file this habeas petition in the California Court of Appeal, which would be the next logical step after denial by the Los Angeles County Superior Court. The Petition states, "U.S. Court of Appeal for the 9th District of Los Angeles, State of California."

On February 19, 2008, this Court issued an Order to Show Cause Why this Action Should Not Be Dismissed ("Order to Show Cause") based on expiration of the statute of limitations and failure to exhaust state remedies. The Order to Show Cause required Petitioner to respond on or before March 20, 2008, and expressly warned that if Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Petition be dismissed.

To date, Petitioner has not filed any response to the Order to Show Cause.

This matter has been taken under submission and is now ready for decision.

## II.

## EXHAUSTION REQUIREMENT

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

The Petition does not indicate that Petitioner has ever filed a state habeas petition, or otherwise presented any of his grounds for relief, before the California Supreme Court. Nor has the Court located any such state habeas petition in the online docket of the California Supreme Court. Thus, the Petition in this Court is completely

///
///
///
///

unexhausted and is subject to dismissal without prejudice on that basis.[1] *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) granting Respondent's motion to dismiss the Petition and directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: April 4, 2008

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

---

[1] The Order to Show Cause also indicated that the Petition may be barred by the federal statute of limitations. However, given that the Petitioner did not respond to the Order to Show Cause and did not provide any additional information, this Report and Recommendation does not address the statute of limitations issue.

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.